UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20239-CR-COOKE

UNITED STATES OF AMERICA

vs.

ELI SAUL PERALTA GUZMAN,

Defendant.
_____/

## STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

On May 22, 2020, while on patrol, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 90 nautical miles south of Santo Domingo, Dominican Republic, in international waters and upon the high seas. The United States Ship ("USS") FARRAGUT was patrolling nearby and diverted to intercept the GFV.

USS FARRAGUT arrived on scene and reported persons on board jettisoning packages from the GFV. The GFV then fled northbound. The GFV had no indicia of nationality. Suspecting the GFV of smuggling drugs, authorization was given to deploy airborne use of force. A MH-60 aircraft arrived on scene and employed warning shots, which were not effective in preventing the GFV from fleeing. The aircraft then employed disabling fire which was effective.

While awaiting the arrival of the USS FARRAGUT, a helicopter from the USS LASSEN,

another ship in the area, provided overflight surveillance of the disabled GFV and witnessed the persons on board continue to jettison additional bale-sized packages.

Law enforcement from the USS FARRAGUT arrived and completed a right of visit boarding of the GFV. There were three individuals on board, who were later identified as Eli Saul Peralta Guzman, Jaider Arturo Brito Iguaran, and Germin Beras Cayetano. While none of the three individuals identified himself as the master of the vessel, Brito Iguaran identified himself as the person in charge. Brito Iguaran made a claim of Dominican nationality for the vessel. Based on Brito Iguaran's claim, the United States contacted the Government of the Dominican Republic, who advised that it could neither confirm nor deny registration. Based on the Dominican Republic's response, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

A search of the vessel yielded negative results for narcotics. An IONSCAN, which is a system used for the detection and identification of trace amounts of narcotics, was done on the GFV and yielded negative results. As law enforcement attempted to conduct IONSCANs of PERALTA GUZMAN, BERAS CAYETANO, and BRITO IGUARAN, they became uncooperative and dunked their arms into the water. An IONSCAN on one of the three occupants' hands and forearms tested positive for cocaine. Additionally, a barrel and a fuel drum were recovered near the GFV, and an IONSCAN of the barrel tested positive for Burprenor at 2% and 3%.

USS FARRAGUT and USS LASSEN conducted searches in the area of the jettisoned packages, however, no contraband was recovered. The parties agree that each of the three are responsible for at least two (2) kilograms but less than three-and-a-half (3.5) kilograms of cocaine.

The parties further agree that there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), is a vessel subject to the jurisdiction of the United States.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 20 Oct. 2021

By: /s/ Yvonne Rodriguez-Schack
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

Date: 10/14/21

By: s/Eli Saul Peralta Guzman
ELI SAUL PERALTA GUZMAN
DEFENDANT

Date: 10/14/21

By: s/Ian McDonald
IAN McDONALD
ATTORNEY FOR DEFENDANT