UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20239-CR-COOKE

UNITED STATES OF AMERICA,

vs.

GERMIN BERAS CAYETANO,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and GERMIN BERAS CAYETANO (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the lesser included offense in Count 1 of the Indictment which charges the defendant with conspiracy to possess with intent to distribute five-hundred (500) grams or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

2. The United States agrees to seek dismissal of Count 2 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's

probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that with regards to the lesser included offense in Count 1 of the Indictment, the Court must impose a mandatory minimum sentence of five (5) years' imprisonment and may impose a statutory maximum of up to forty (40) years' imprisonment, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the Court may also impose a fine of up to two million dollars ($2,000,000) and may order forfeiture.

5.   The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this Plea Agreement, a special assessment in the amount of $100 will be imposed as to each count on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the United States and the Court, at the time of sentencing, as to the reasons for the defendant's failure to pay.

6.    The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    The United States agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States, however, will not be required to make the aforementioned recommendation or motion if the defendant:

a.    fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

b.    is found to have misrepresented facts to the government prior to entering this Plea Agreement; or

    c.    commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that at the time of sentencing, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

    a.    the defendant does not have:

        i. more than four Criminal History points, excluding any Criminal History points resulting from a 1-point offense, as calculated under the Sentencing Guidelines;

        ii. a prior offense earning three points as calculated under the Sentencing Guidelines; or

        iii. a prior violent offense (as defined in 18 U.S.C. 16) earning two points as calculated under the Sentencing Guidelines;

    b.    the defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

    c.    the offense did not result in death or serious bodily injury to any person;

    d.    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; and

e.  not later than the time of the initial sentencing hearing, the defendant has truthfully provided to the Government all information and evidence that the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan.

At the time of the signing of this Plea Agreement, the parties agree that: (a) there is no evidence that the defendant used violence or credible threats of violence or possessed a firearm or dangerous weapon in connection with the offense; (b) the offense did not result in death or serious bodily injury; and (c) the defendant was not an organizer, leader, manager, or supervisor of others in the offense. The defendant's truthful statement concerning all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan remains outstanding.

9.  The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.  <u>Controlled Substance and Quantity</u>:  That pursuant to Section 2D1.1(a) and (c) of the Sentencing Guidelines, the amount of cocaine involved in the offense and for which the defendant is accountable for is at least two (2) kilograms but less than three-and-a-half (3.5) kilograms;

b.  <u>Role in the Offense</u>:  That pursuant to Sections 3B1.1 and 3B1.2 of the Federal Sentencing Guidelines, the parties agree that neither party will be seeking either an upward or a downward role adjustment.

c.  <u>Departure, Variances and other Adjustments</u>:  The parties agree that neither party will request any upward or downward Departures, Variances or other Adjustments; and,

      d.    <u>Joint Sentencing Recommendation</u>: The parties agree that they will jointly recommend the Court sentence the defendant to a term of thirty-seven (37) months' imprisonment followed by a ten (10) year term of supervised release. The parties further agree that a sentence of thirty-seven (37) months' imprisonment is appropriate after considering all the factor outlined in Title 18, United States Code, Section 3553.

      10.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

      11.    The defendant agrees to assist the United States in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the United States upon its request, any necessary and appropriate documentation,

including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

12. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding; however, the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant, nevertheless, affirms that the defendant's wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

13. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this Plea Agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this Plea Agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the

defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this Plea Agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowingly and voluntary made.

14. This is the entire Agreement and understanding between the United States and the defendant. There are no other Agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 20 Oct. 2021

By: _____
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

Date: 10/20/21

By: _____
GERMIN BERAS CAYETANO
DEFENDANT

Date: 10/20/21

By: _____
SABRINA VORA-PUGLISI
ATTORNEY FOR DEFENDANT